IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

A.E. and E.W.,

           Plaintiffs,

v.                                               CIVIL ACTION NO.   3:17-1885

JOSHUA NIELD,
CITY OF HUNTINGTON, WEST VIRGINIA, and
JOHN DOES 1-7, individuals,

           Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiffs' Motion for Leave to File Document Under Seal. ECF No. 3. Plaintiffs' case levels allegations of sexual assault against Defendant Joshua Nield, an officer in the Huntington Police Department. The motion is **DENIED**. Nonetheless, the Court will construe Plaintiffs' motion as a motion to proceed by initials only in order to preserve their anonymity.

Generally, there is a presumption of openness of judicial proceedings, but the presumption is not without exception. *James v. Jacobs*, 6 F.3d 233, 238 (4th Cir. 1993). The Fourth Circuit, having had the occasion to opine on the circumstances needed to proceed anonymously, imposed a duty on trial courts to "inquire into the circumstances of particular cases to determine whether the dispensation is warranted." *Jacobson*, 6 F.3d at 238. That inquiry should be guided, although not dictated, by an illustrative list of factors noted in the Fourth Circuit's opinion. They are:

> whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of sensitive and highly personal nature; whether identification poses a risk of retaliatory physical or

> mental harm to the requesting party or even more critically to innocent non-parties; the ages of the persons whose privacy interests are sought to be protected; whether the action is against a governmental or private party; and relatedly the risk of unfairness to the opposing party from allowing an action against it proceed anonymously.

*Id.* The Fourth Circuit subsequently added an additional factor for trial courts to consider when faced with a request to proceed anonymously. "[W]hen a party seeks to litigate under pseudonym, a district court has an independent obligation to ensure that extraordinary circumstances support such a request by balancing the party's stated interest in anonymity against the public's interest in openness." *Doe v. Pub. Citizen*, 749 F.3d 246, 273 (4th Cir. 2014).

Allegations of sexual assault are the quintessential claims that warrant anonymity for victims. "Courts generally allow a plaintiff to litigate [anonymously] in cases containing allegations of sexual assault because they concern highly sensitive and personal subjects." *Doe v. Cabrera*, 307 F.R.D. 1, 6 (D.D.C. 2014). This is because sexual assault victims are exposed to extraordinary invasion of their physical (and often mental) privacy when bringing a sexual assault claim. *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 196 (E.D.N.Y. 2006); *Doe v. Evans*, 202 F.R.D. 173, 176 (E.D. Pa. 2001). Society also has a general interest in encouraging victims of sexual assault to report these assaults, and permitting victims to proceed anonymously likely removes a significant barrier. *See Kolko*, 242 F.R.D. at 196. It is these concerns, more so than any other identified by the Fourth Circuit, that counsel the Court to permit Plaintiffs to proceed by their initials.

This is not to say that the Court is summarily brushing aside Defendants' interests. Plaintiffs brought suit against both an individual and a city government. In the case of the former, an individual generally has an interest in requiring his or her accusers to make their allegations publically so that he or she may not suffer the reputational consequences of being accused without the ability to defend against the allegations. *See So. Methodist Univ. Ass'n of Women Law Students*

*w. Waynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979) ("the mere filing of a civil action against . . . private parties may cause damage to their good names and reputation. . . ."). Nevertheless, where allegations of sexual assault are concerned, especially against a government official that could use his position to intimidate Plaintiffs, the harm of exposing sensitive and personal information of Plaintiffs outweighs Nield's possible harm caused by Plaintiffs anonymous accusations. This determination is bolstered by the fact that Nield almost certainly knows who Plaintiffs are. His defense is therefore not prejudiced by lack of information about the events that led to Plaintiffs allegations. *See J.W. v. District of Columbia*, ____ F.R.D. ____, No. 16-cv-0573, 2016 WL 4543993, at *5 (D.D.C. Aug. 31, 2016) (citing *United States v. Microsoft Corp.*, 56 F.3d 1448, 1464 (D.C. Cir. 1995)) ("A typical reason courts cite when finding that proceeding anonymously would pose unfairness for a defendant is that the defendant may not know the identity of the person bringing the charges.").

As concerns the City of Huntington, "[c]ourts have concluded that anonymous litigation is more acceptable when the defendant is a governmental body because government defendants do not share the concerns about reputation that private individuals have when they are public charged with wrongdoing." *Id.* (quoting *Cabrera*, 307 F.R.D. at 8). This factor thus also weighs in favor of anonymity.

Plaintiffs' motion to seal the complaint must be **DENIED**. ECF No. 3. The general presumption for openness in court proceedings must apply as much as possible in order to give meaning to the public's right to access judicial proceedings. *See Kolko*, 242 F.R.D. at 194 (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978)). The public has a right to know about the allegations leveled against Nield and the City of Huntington, but its rights do not extend to exposing the identities of Plaintiffs where here Plaintiffs have revealed extremely sensitive and

personal information in the complaint. Accordingly, in order to balance the public's rights of access and the harm of linking Plaintiffs identities to sensitive and personal allegations, the Court will permit Plaintiffs to proceed using their initials only. The parties shall use only Plaintiffs initials, and shall refrain from revealing any other identifying information in any public filing.

Plaintiffs' exhibits to their motion to seal contain identifying information, therefore, although the Court cannot grant the motion to seal, the motion and its exhibits shall remain sealed.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented parties.

      ENTER:    March 22, 2017

_____
ROBERT C. CHAMBERS, CHIEF JUDGE