IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**A.E. and E.W.,**

    **Plaintiffs,**

vs.                                                          Civil Action No. 3:17-cv-01885

**JOSHUA NIELD,**
*ET AL.,*

    **Defendants.**

## ORDER

On November 26, 2018 Defendant City of Huntington filed its ***Motion to Quash or Modify Subpoena*** [ECF No. 137] in reference to a subpoena *duces tecum* issued by Plaintiffs via email to Defendant's counsel at 5:01 pm on Friday, November 16, 2018 commanding the production of "all records for [Defendant] Josh Nield involving every instance Nield arrested, or issued a citation to, a female. Also, all records of any/all complaints made by females against any HPD officer involving assaults or sexual misconduct since Jan 1, 1995"[1] by November 27, 2018 at 10:00 am. [ECF No. 137-3]

In support of its ***Motion***, Defendant City of Huntington asserts the following:

1. The subpoena is an improper vehicle for a Rule 34 request for production of documents, which governs discovery.

2. The subpoena provides an unreasonable time to comply – 11 calendar days, only 6

---

[1] Defendant City of Huntington states that it has already produced documentation with respect to the second sentence months ago and will supplement its prior production in the event other incidents are identified. [ECF No. 137 at 2, fn1]

2

of which were actual business days.

3. Counsel for Defendant City of Huntington conferred with counsel for Plaintiffs requesting the production request to be more narrowly tailored.

4. Counsel for Defendant City of Huntington requested that counsel for Plaintiffs provide thirty days in order to respond as provided by Rule 34, however, counsel for Plaintiffs refused, but countered that twenty days from the date when the subpoena was emailed.

5. The subpoena requests documentation that spans eight-years of Defendant Nield's employment as a police officer with the Huntington Police Department.

6. The subpoena is unlimited in its scope which may invariably include juveniles, sexual assault victims or other personal identifying information of non-party litigants that Defendant City of Huntington must ensure such documentation is appropriately redacted or withheld to protect those privacy interests. Because of the breadth of the scope inherent in the subpoena, Defendant City of Huntington would require additional time in order to protect these privacy interests.

7. The subpoena was issued without Notice to all parties prior to service, as required under Rule 45(a)(4).

8. The subpoena was sent just two days after the hearing before the undersigned, during which the undersigned conferred with Judge Chambers to extend the discovery deadline as well as the trial in this matter to accommodate Plaintiffs despite Plaintiffs failure to conduct discovery within the original discovery deadline.

**Relevant Law**

Under Rule 45(d)(3)(A), the party that is subject to the subpoena *duces tecum* may move to quash or modify the subpoena. Rule 45(d)(3)(A) provides that:

> On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
>
> (i) ***fails to allow a reasonable time to comply***;
> (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
> (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
> (iv) ***subjects a person to undue burden.***

F.R.C.P. 45(d)(3)(A) (emphasis added).

Rule 45(d)(1) provides "[a] party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena."

"Rule 34 provides the procedure by which a party may obtain documents from another party . . . '[t]he leading treatises agree that although Rule 45 may apply to both parties and nonparties, resort to Rule 45 should not be allowed when it circumvents the requirements and protections of Rule 34 for the production of documents belonging to a party.' " See, Layman v. Junior Players Golf Academy, Inc., 314 F.R.D. 379, 385 (D. S.C. 2016) (internal citations omitted); Neel v. Mid-Atlantic of Fairfield, LLC, 778 F.Supp.2d 593 (D. Md. 2012); Suntrust Mortg., Inc. v. Busby, 651 F.Supp.2d 472 (W.D.N.C. 2009). "Put another way, 'it is unthinkable that the effect of Rule 34 can be emasculated by the use of Rule 45.' " Neel v. Mid- Atlantic of Fairfield, LLC, 2012 WL 98558, *1 (D.Md. 2012) (quoting McLean v. Prudential Steamship Co., Inc., 36 F.R.D. 421, 425 (E.D. Va. 1965) (discussing older version of the relevant federal rules)).

## Discussion

As noted by counsel for Defendant City of Huntington, it is not lost on the undersigned

that only during the hearing on November 16, 2018, which was held over two weeks beyond the original discovery deadline, that Plaintiffs did not seek an extension to this deadline in order to conduct discovery depositions, despite the fact that this case has been pending in this Court for over a year and a half. It is simply stunning and shocking that despite the undersigned's efforts to accommodate Plaintiffs by personally going to Judge Chambers to seek an extension of the discovery deadlines that immediately upon receiving relief from the scheduling order Plaintiffs engage in what can only be described as a totally improper discovery request. Not only does the undersigned find that the subpoena on its face is entirely too broad, unduly burdensome, not proportional to the issues in this case, but also the time limit, given by Plaintiffs' counsel in order for the Defendant to comply with this subpoena, is *completely* unreasonable.

The fact that counsel for Defendant requested a reasonable accommodation by asking for thirty days under Rule 34 of the Federal Rules of Civil Procedure to an otherwise unreasonable discovery request, and that was *refused* by Plaintiffs, *even after* the undersigned secured additional time in order *for Plaintiffs* to conduct discovery, is beyond the pale. Counsel for Plaintiffs have demonstrated an utter lack of due diligence in prosecuting this case, and their conduct during discovery belies any representation of acting with the diligence expected of counsel, therefore perpetuating ongoing discovery disputes that too frequently have necessitated Court intervention. Such conduct must be discouraged in order to avoid the waste of valuable and limited judicial resources.

The Court hereby **ORDERS** that the subpoena is hereby modified by the Court to be a request pursuant to Rule 34 of the Rules of Civil Procedure, and the City of Huntington, pursuant to the Rules, has 30 days in which to respond. Furthermore, Plaintiffs are **DIRECTED** to abide by the Federal Rules of Civil Procedure in order to conduct any further discovery. Accordingly,

Defendant City of Huntington's *__Motion__* is hereby **GRANTED as modified**. [ECF No. 137] [2]

## Rule 37 Implications

Therefore, for the reasons stated *supra*, pursuant to Rule 37, Defendant City of Huntington is invited to file the appropriate motion for sanctions outlining the reasons sanctions are appropriate in this matter and including the time it took prosecute the *__Motion to Quash or Modify Subpoena__*. Plaintiffs shall be allowed to file an appropriate pleading setting forth why this Court should not issue sanctions and any other objections to the accounting of time filed by Defendant.

In accordance with Rule 72(a) of the Federal Rules of Civil Procedure, the ruling set forth above on this non-dispositive motion may be contested by filing, within 14 days, objections to this Order with District Judge Robert C. Chambers. If objections are filed, the District Court will consider the objections and modify or set aside any portion of the Order found clearly to be erroneous or contrary to law.

The Clerk is requested to send a copy of this Order to all counsel of record.

ENTER: November 27, 2018.

_____
Omar J. Aboulhosn
United States Magistrate Judge

---

[2] The Court is mindful of the Local Rules regarding the deadlines for filing responses and replies. LR Civ P 7.1(a)(7). Pursuant to said rule, the "times for serving memoranda may be modified by the judicial officer to whom the motion is addressed". This judicial officer finds that no response is necessary due to the Court's familiarity with this case and since the subject motion clearly sets forth the issue in this matter and the position of the parties as expressed in the attached emails. This also takes into account the concern of Plaintiffs regarding time being of the essence. By deciding this matter within one day of the filing of the motion, the parties can move on to other matters knowing the outcome of the issue presented herein. In short, the fact of the matter is that the position outlined by Plaintiffs in their response to the City of Huntington's request to consider the subpoena as a Rule 34 request and to allow the City of Huntington 30 days to respond is patently *__unreasonable__* and the City of Huntington's position is patently *__reasonable__*.