IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
HUNTINGTON DIVISION

A.E. and E.W.,

    Plaintiffs,

v.                                                               Case No. 3:17-cv-01885
                                                                 Robert C. Chambers, Judge

JOSHUA NIELD;
CITY OF HUNTINGTON, WEST VIRGINIA;
And JOHN DOES 1–7, INDIVIDUALS,

    Defendants.

### DEFENDANT THE CITY OF HUNTINGTON'S
### MEMORANDUM IN SUPPORT OF ITS MOTION FOR SANCTIONS

Defendant the City of Huntington ("the City") submits the following Memorandum in response to the Court's Order dated November 27, 2018 wherein the Court granted the City's Motion to Quash and/or Modify a Subpoena ("Motion to Quash") issued by plaintiffs with the intent to circumvent F.R.C.P. 34. *See* ECF No. 138. In support of this Motion, the City recites a summary of the complications in discovery[1] (1) in order to demonstrate the degree to which valuable time and resources, including those of the Court, have been wasted as a result of plaintiffs' counsel's conduct, (2) as a timeline as to how the parties have arrived at this procedural juncture, and (3) as context that illustrates the egregiousness of plaintiffs' counsel's abuse of the authority granted to attorneys to issue subpoenas as officers of the Court. This pattern of conduct includes:

- Refusing to respond to properly propounded written discovery requests and thereafter providing insufficient discovery responses and/or failing to supplement such responses in accordance with Rule 26(e);

---

[1] Counsel for the City does not affirmatively seek cumulative sanctions related to the full scope of discovery misconduct in this case, but seeks sanctions for the conduct that prompted the City's Motion to Quash. Accordingly, the City discloses the amounts incurred as a result of this latest discovery issue only but will provide the Court with any additional fee and cost information related to other discovery issues at the Court's request.

- Unnecessarily delaying discovery by failing to schedule plaintiffs' depositions;

- Demonstrating a clear ignorance or disregard of the Court's Scheduling Order and Rules of Civil Procedure governing discovery; and

- Engaging in conduct requiring the City to seek the Court's intervention on four occasions including two Motions to Compel, a Motion for Protective Order, and the aforementioned Motion to Quash.

Plaintiffs' counsel's attempt to serve a subpoena commanding the production of documents within eleven (11) days for the purpose of circumventing Rule 34 was made in bad faith and was done almost immediately after the Court granted plaintiffs a two-month reprieve to conduct discovery that plaintiffs had neglected to do for nearly twenty (20) months.

This blatant abuse of the power to issue subpoenas as officers of the court is merely the culmination of a pattern of misconduct and disregard for the discovery rules. Sanctions pursuant to Rules 37 and 45 are appropriate to remedy this conduct, deter future misconduct by plaintiffs' counsel, and deter similar conduct by other counsel who may appear before this Court.

## I.     RELEVANT FACTUAL BACKGROUND

Plaintiffs filed the instant matter on or about March 14, 2017 seeking damages related to an alleged incident involving former Huntington Police Department Officer, Defendant Joshua Nield. *See* ECF No. 1. The Court entered a Scheduling Order on August 11, 2017, setting forth dates and deadlines for discovery and further disposition of this matter, including a discovery deadline of October 30, 2018 and a trial date of January 29, 2019. ECF No. 24. Discovery in this matter, however, has been complicated and delayed a number of times as a result of Plaintiffs' counsel dilatory and often confusing conduct.

### A.     Plaintiffs' Repeated Refusal To Provide Written Discovery Responses.

The City has been forced to file multiple motions to compel discovery responses in order to overcome spurious objections and non-compliance with the Rules. *See* ECF Nos. 36 and 55.

Initially, plaintiffs' counsel flouted Rules 33 and 34 by refusing to provide any written objection or response to Interrogatories and Requests for Production[2] unless counsel for the City agreed to enter into a "Non-Disclosure Agreement." [3] Plaintiffs' counsel rejected entry of the Court's Agreed Protective Order, even though all counsel agreed to enter the Court's Protective Order during the parties' Rule 26(f) Conference. *See* ECF Nos. 23 and 36.

Even after this issue was seemingly resolved at an Informal Hearing conducted by Magistrate Judge Aboulhosn, *see* ECF No. 39, plaintiffs served deficient responses requiring the City to file a second Motion to Compel after making multiple attempts to obtain complete responses without involving the Court. *See* ECF Nos. 55-56. Unfortunately, a second Informal Hearing before Magistrate Judge Aboulhosn was required to obtain complete and meaningful responses wherein Magistrate Judge Aboulhosn ordered that plaintiffs provide supplemental responses and requested that the City verify plaintiffs' compliance. *See* ECF Nos. 60, 63.

In total, plaintiffs' abject refusal to provide any type of written discovery response unless the City entered into a "Non-Disclosure Agreement" and plaintiffs' subsequent failure to provide substantive responses caused a delay of four (4) months from the date responses where due from December 22, 2018 until plaintiffs were finally able to provide proper responses on April 23, 2018.

### B. Plaintiffs Have Delayed Depositions, Ignored The Scheduling Order, And Generally Acted In A Dilatory Manner Throughout This Litigation.

The depositions of plaintiffs were unnecessarily delayed. Beginning March 2018, counsel for defendants requested dates. This request passed without counsel agreeing to deposition dates,

---

[2] Not only did counsel refuse to respond to written discovery propounded by the City, plaintiffs' counsel failed to provide its written responses to Interrogatories and Requests for Production of Documents propounded by Defendant Nield to the City.

[3] For a more complete recitation of plaintiffs' conduct, *see* ECF No. 36 wherein the City moved to compel discovery responses.

3

and as such, defendants renewed the requests throughout the spring and summer. *See* N. Alexander e-mails dated March 15, 2018, March 21, 2018, and June 4, 2018 and July 6, 2018 S. Nord e-mail attached as Exhibit A.

Depositions were finally scheduled for August 30, 2018 and August 31, 2018, *see* ECF Nos. 97-98, only to be cancelled the week prior by Plaintiffs' counsel on the confusing justification that counsel had not obtained documents from the Cabell County Prosecuting Attorney ("CCPA"), even though the CCPA had previously represented to Magistrate Judge Aboulhosn that it was not in possession of the documents sought by plaintiffs. *See* August 22, 2018 O. Ahmad e-mail attached as Exhibit B. Plaintiffs' depositions were finally taken on October 16 and 18, 2018.

Counsel's dilatory conduct not only operated to complicate defendants' attempts to conduct proactive discovery. Plaintiffs' counsel was not diligent in prosecuting this matter considering that plaintiffs' counsel did not request a deposition until approximately two weeks prior to the close of discovery when Plaintiffs' counsel issued a Rule 30(b)(6) Notice of Deposition for a representative of the City on October 11, 2018. *See* ECF No. 106. Thereafter, on October 12, 2018, counsel unilaterally noticed a number of depositions, scheduling the depositions of four (4) witnesses for the discovery deadline date, October 30, 2018. *See* ECF Nos. 116-119. Counsel also noticed depositions of nine (9) additional witnesses for dates "to be determined."[4] *See* ECF Nos. 107-115. Plaintiffs' counsel did not confer with counsel for either defendant, nor did plaintiffs' counsel attempt to secure the presence of witnesses by subpoenas or identify dates for

---

[4] Plaintiff's counsel sent copies of Subpoenas to Testify to counsel for defendants by e-mail and seemed to imply that the dates set forth therein were arbitrary, completely disregarding the October 30, 2018 discovery deadline: "Please be advised that the dates and times set forth in these subpoenas were established as such because those fields could not be left blank. Counsel for Plaintiff will coordinate with Defense counsel to arrange mutually-agreeable dates and times for the depositions of their respective clients." *See* October 12, 2018 O. Ahmad e-mail attached as Exhibit C.

depositions of witnesses employed by or otherwise affiliated with the City. Upon receiving these Notices, defendants' counsel informed plaintiffs that counsel was not available on October 30, 2018. The late flurry of unilateral deposition notices served just before the close of discovery therefore prompted a number of telephone conferences and emails amongst counsel for the parties wherein counsel for defendants attempted to accommodate plaintiffs' failure to complete discovery by the October 30, 2018 deadline set forth in the Court's Scheduling Order.

In order to obtain a good-faith resolution as to the numerous depositions, requested for the first time throughout the nineteen month pendency of this action immediately before the close of discovery, defendants' counsel proposed seven (7) additional days where counsel for both defendants could appear for depositions, offered to make witnesses available, and offered to extend discovery by seventeen (17) days in order to complete those depositions that had been requested. *See* October 24, 2018 N. Kuratomi e-mail attached as Exhibit D. As a condition of extending discovery until November 16, 2018, counsel for the City also sought Plaintiffs' agreement to join in a Motion to ask the Court to adjust the November 20, 2018 dispositive deadline motion by a commensurate period. *Id*. After numerous e-mails and a conference call, plaintiffs finally relented and the parties filed a Joint Motion to amend the Scheduling Order to extend discovery until November 16, 2018, and the dispositive motion deadline to December 7, 2018. *See* ECF No. 123.

Unfortunately, the Court responded to all counsel by e-mail and indicated that the Joint Motion could not be granted inasmuch as extending the dispositive motions would encroach on other dates in the Court's Scheduling Order. *See* November 1, 2018 T. Justice e-mail attached as Exhibit E. The Court's e-mail suggested that the Joint Motion could potentially be granted if the parties agreed to a February 20, 2019 trial date. *See Id*. Defendants' counsel communicated to Plaintiffs' counsel that they were amenable to moving the trial date to February 20, 2019 and that

doing so would allow plaintiffs to complete the depositions that had been requested. *See* November 5, 2018 N. Kuratomi e-mail, attached as Exhibit F.

Despite the fact that discovery closed without plaintiffs' conducting a single deposition, plaintiffs did not move to continue the trial date. Rather, plaintiffs' counsel simply rejected the proposed February 20, 2019 date and continued to discuss scheduling additional depositions. *See* November 5, 2018 T. Eves e-mail, attached as Exhibit G. Plaintiffs exhibited no understanding that **discovery had closed** and that the Court's Scheduling Order imposed other filing requirements on the parties, including an impending dispositive motion deadline of November 20, 2018. The City, thereafter, proceeding with filing its Motion for Protective Order to Preclude Further Discovery. *See* ECF No. 124.

In a final attempt to reach a compromise without seeking the Court's intervention, counsel for defendants jointly offered to move the trial date to March 12, 2018. *See* November 12 and 13, 2018 N. Kuratomi e-mails attached as Exhibit H. Counsel for the City advised that if the parties could not agree, the City would have no choice but to move forward with its Motion for Protective Order to preclude further discovery in order to protect the City's interest with respect to the dispositive motion deadline of November 20, 2018. *Id.* Counsel for plaintiffs would not agree to the March 12, 2018 trial without a guarantee from the Court that this matter be docketed as "First Up" – a guarantee that the Court would not give. *See* November 12, 2018 T. Eves e-mail attached as Exhibit I and November 13, 2018 T. Justice e-mail attached as Exhibit J.

Seeing no alternative, the City moved forward with a hearing on the Motion for Protective Order to preclude further discovery it filed on November 7, 2018. *See* ECF No. 124. The Court, recognizing the importance of the issue and the impending deadlines in the Scheduling Order, acted promptly and scheduled a hearing on the City's Motion for which, Magistrate Judge

Aboulhosn traveled from Bluefield to Huntington to conduct the hearing in person for the convenience of the parties. *See* ECF No. 136.

At the November 14, 2018 hearing, it was revealed that plaintiffs' counsel was available during the week of March 12, 2018 for a trial in this matter, even though plaintiffs' counsel initially represented that March 12, 2018 was not workable for plaintiffs' counsel and had previously rejected that alternative without assurances from the Court of a "first-up" position on the docket. Counsel for both defendants informed the Court that defendants remained available and were agreeable to moving the trial date to March 12, 2018. Magistrate Judge Aboulhosn conferred with Judge Chambers and recommended that the trial date be moved to March 12, 2018 with an adjustment to the discovery and other pre-trial filing deadlines if the Court's calendar permitted.

Judge Chambers agreed and Magistrate Judge Aboulhosn notified the parties at the conclusion of the November 14, 2018 hearing that the Court would extend the discovery deadline to January 15, 2019, the dispositive motions deadline to January 22, 2019, and reschedule the trial for March 12, 2019 – a solution that had been proposed by counsel for defendants prior to the hearing and that would have obviated the need for Magistrate Judge Aboulhosn to conduct the hearing at all.[5] *See* Ex. H.

### C. Plaintiffs Have Abused The Rules Of Civil Procedure In Order To Circumvent The Same.

A mere two (2) days after the Court granted a two-month extension of the discovery deadline, Plaintiffs' counsel sent a subpoena to counsel for the City by e-mail. The subpoena was substantively and procedurally suspect on its face in that (1) the subpoena was unquestionably broad, not reasonably specific, and disproportionate to the needs of the case; (2) the subpoena

---

[5] The Court issued an Order on November 20, 2018 reflecting the same. See ECF No. 134.

purported to command the City to produce an unknown volume of documents by November 27, 2018, within only eleven (11) days rather than the thirty (30) provided for in Rule 34; and (3) plaintiffs did not file a Notice of Intent to Serve as required by Rule 45(a)(4) or provide a copy of the subpoena to counsel for Mr. Nield, nor did plaintiffs comply with the Rules for service of a subpoena, opting to transmit the same by e-mail near the close of business on Friday November 16, 2018. *See* November 16, 2018 O. Ahmad e-mail, attached as Exhibit K.

Specifically, the subpoena purported to command production of the following:

> All records for Josh Nield involving every instance Nield arrested, or issued a citation to, a female. Also, all records of any/all complaints made by females against any HPD officer involving assaults or sexual misconduct since Jan 1 1995.

*See* Subpoena, attached as Exhibit L.

By letter dated November 21, 2018, counsel for the City's counsel raised a number of objections to both the use of the subpoena and its scope. Specifically, counsel for the City noted:

- The date identified in the subpoena for production of November 27, 2018 – eleven days after purported service and only six of which were actual business days – was unreasonable;

- The use of a subpoena against a party to attempt to obtain documents in a period of less than thirty days was nothing more than an effort to circumvent the Rules;

- The request stated in the subpoena was extremely broad, not limited in time or scope, and did not state with particularity what plaintiffs were asking the City to produce.

*See* November 21, 2018 N. Kuratomi Ltr. to O. Ahmad, attached as Exhibit M.

Thereafter, the City's counsel conferred with Plaintiffs' counsel by telephone on November 26, 2018 to attempt to reach a resolution of yet another discovery complication. The City's counsel explained that having the City produce the requested documents within eleven (11) days was

8

unreasonable, but would endeavor to respond to the Subpoena if given thirty (30) days as is contemplated by Rule 34. *See* November 26, 2018 N. Kuratomi e-mail, attached as Exhibit N.

Plaintiffs' counsel indicated that there were "exigent circumstances" that required plaintiffs to serve a Subpoena in lieu of a Request for Production, even though the Court had just extended discovery by two months to accommodate plaintiffs' lack of diligence, and that these circumstances justified the eleven day period for production. *Id*. Predictably, plaintiffs rejected the City's attempt to resolve this issue without court intervention, and asserted, without merit, that the City was being ***unreasonable*** to suggest that thirty (30) days was an acceptable time to respond. *Id*. Accordingly, plaintiffs' counsel advised that the City should file a Motion to Quash or Modify the Subpoena, which the City did on November 26, 2018. See ECF No. 137.

The Court, less than one (1) full day after the City filed its Motion to Quash or Modify Subpoena, entered an Order modifying the Subpoena to a request pursuant to Rule 34 of the Federal Rules of Civil Procedure and giving the City thirty (30) days to respond. *See* ECF No. 138. In issuing its Order, the Court acknowledged that "although Rule 45 may apply to both parties and nonparties, resort to Rule 45 should not be allowed when it circumvents the requirements and protections of Rule 34 for the production of documents belonging to a party." *See* ECF No. 138 at p. 4 (citing *Layman v. Junior Players Gold Academy, Inc.*, 314 F.R.D. 379, 385 (D. S.C. 2016). In other words, as the Court noted, "it is unthinkable that the effect of Rule 34 can be emasculated by the use of Rule 45." *Id.* (citing *Neel v. Mid-Atlantic of Fairfield, LLC*, 2012 WL 98558, *1 (D. Md. 2012).

The Court found it "stunning and shocking" for counsel to have engaged in a "totally improper discovery request" almost immediately upon receiving relief from the Scheduling Order and that counsel's conduct was "beyond the pale" when counsel for plaintiffs refused a request for

a reasonable accommodation to treat the subpoena as a Rule 34 Request. *See* ECF No. 138. The Court further acknowledged what is recited in the City's Memorandum, *supra*: that counsel for plaintiffs have fallen below the "diligence expected of counsel, therefore perpetuating ongoing discovery disputes that too frequently have necessitated Court intervention [and] [s]uch conduct must be discouraged in order to avoid the waste of valuable and limited judicial resources." *See* ECF No. 138 at p. 5.

The Court's Order was clear that the subpoena, on its face, was "entirely too broad, unduly burdensome, not proportional to the issues in the case" and that the "time limit, given by Plaintiffs' counsel in order for the Defendant to comply with this subpoena, is *completely* unreasonable." *Id*. (emphasis in original). In short, the Court concluded that plaintiff's position was "patently **_unreasonable_** and the City of Huntington's position is patently **_reasonable_**." *Id*. at p. 6, n. 2 (emphasis in original).

The Court affirmatively directed the Plaintiffs to "***abide by the Federal Rules of Civil Procedure in order to conduct any further discovery***" and for the reasons stated in the Court's Order, invited the City to file the appropriate motion for sanctions outlining the reasons sanctions are appropriate in this matter […]." *See* ECF No. 138 at pp. 5-6 (emphasis added).

## II. DISCUSSION

### A. The Court Has The Authority Under F.R.C.P. 37 And 45 And Its Inherent Powers To Sanction Misconduct In Discovery Such As That Exhibited By Plaintiffs' Counsel.

Counsel's attempt to read Rule 34 out of the Federal Rules of Civil Procedure is the culmination of a pattern of discovery misconduct and abuses. By serving an overly broad document request in a subpoena and requiring a response from the City within eleven days because of its own perceived "exigent circumstances"– a mere two days after this Court extended a

discovery deadline which had already lapsed for the benefit of plaintiffs – plaintiffs' counsel demonstrated its continued disregard of the Federal Rules, a lack of respect for the processes of the Court, a blatant, bad faith manipulation of the Rules, and an outright violation of Rule 45 by failing to protect the interests of the person served with the subpoena.

This Court has the authority through Rules 37 and 45, as well as through its inherent powers, to sanction counsel's conduct. F.R.C.P. 37 and 45. This Court has previously recognized that Rule 37[6] grants a trial court "broad discretion in applying sanctions." *W. Res. Oil & Gas Co. v. Key Oil, Inc.*, 626 F. Supp. 948, 949 (S.D. W. Va. 1986). Additionally, this Court, through its inherent powers, has the ability to fashion appropriate sanctions for conduct which abuses the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991).

Courts must not only have the power to penalize sanctionable conduct, but must be able to deter future conduct by those who would abuse the judicial process, and waste the Court's time and resource. *See NHL v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976). This is particularly so considering that conduct that deceives a court, unduly prejudices other parties, or subverts the

---

[6] Under Rule 37, a party that refuses to cooperate in discovery and/or refuses to adhere to an order of the court, may be subjected to a wide variety of sanctions:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
>
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
>
> (iii) striking pleadings in whole or in part;
>
> (iv) staying further proceedings until the order is obeyed;
>
> (v) dismissing the action or proceeding in whole or in part;
>
> (vi) rendering a default judgment against the disobedient party; or
>
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii).

applicable Rules of Civil Procedure, by which litigants **must** abide, undermines the integrity of the judicial process. *See U.S. v. Shaffer Equip. Co.*, 11 F.3d 450, 462 (4th Cir. 1993). These inherent powers to sanction misconduct are not newly fashioned out of whole cloth, but are deeply rooted in the common tradition in that a court has the ability to manage its own affairs. *See Stevens v. Federated Mut. Ins. Co.*, Civil Action No. 5:05-CV-149, 2006 U.S. Dist. LEXIS 51001, at *24 (N.D.W. Va. July 25, 2006).

As discussed in the City's Motion to Quash or Modify Subpoena, the Fourth Circuit Court of Appeals has not directly ruled on the question of whether one party may issue a subpoena to another. However, district courts throughout the Fourth Circuit have addressed the issue and have been consistent in their assessment of the relationship of Rule 34 to Rule 45, stating that "[d]iscovery of documents from a party is not accomplished pursuant to Rule 45, but is governed by Rule 34. *See e.g. Layman v. Junior Players Golf Acad., Inc.*, 314 F.R.D. 379 (D. S.C. 2016); *Neel v. Mid-Atlantic of Fairfield, LLC*, 2012 U.S. Dist. LEXIS 3292 (D. Md. 2012); *Suntrust Mortg., Inc. v. Busby*, 2009 U.S. Dist. LEXIS 133876 (W.D. N.C. 2009). Further, a subpoena is not necessary to obligate a party to produce documents, for which a Rule 34 production request suffices. *Mezu v. Morgan State Univ.*, 269 F.R.D. 565, 582 (D. Md. 2010). As this Court noted in its Order granting the City's Motion to Quash, "it is unthinkable that the effect of Rule 34 can be emasculated by the use of Rule 45." *See* ECF No. 138 at p. 4 (citations omitted).

### B. Plaintiffs' Counsel's Abuse Of The Authority To Issue Subpoenas Is Sanctionable

In this case, a Rule 34 Request from one party to another more than sufficed. The Court enlarged the time to complete discovery by two months only two days before plaintiffs' counsel attempted to serve this rogue subpoena by e-mail, giving plaintiffs ample time to request documents and for the City to respond within the time provided by Rule 34.

While plaintiffs' counsel could be forgiven for opting for the form of a subpoena instead of a Rule 34 Request, plaintiffs' bad faith became evident when the City noted its objections and sought an agreement to modify the subpoena to a Rule 34 Request and plaintiffs' counsel refused to permit a full thirty days for the City to respond and charged the City with being "unreasonable."

Even assuming that a subpoena was an acceptable discovery device in this instance, which it is not, plaintiffs' counsel failed to abide by the requirement of Rule 45 that the party serving the subpoena "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Plaintiffs' counsel issued an extremely broad command for production, seeking documents not easily identifiable that spanned a period of eight (8) years, as well as a second category of documents dating back to 1995. Counsel purported to require production of this unknowable quantity of documents in eleven days, only six of which were actual business days.

When counsel raised its objections to the subpoena, counsel for plaintiffs continued to fail to take steps to avoid imposing an undue burden by insisting that production be made in fewer than thirty (30) days, representing that so called "exigent circumstances" justified a manipulation of the Rules of Civil Procedure and an artificially shortened period of time for production.

The mere failure to take reasonable steps to avoid imposing an undue burden or expense on a person subject to the subpoena constitutes sanctionable conduct. Rule 45(d)(1) provides that the district court is "required to enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply."

In this case, plaintiffs' counsel's unreasonable approach, unwillingness to comply with Rule 34, and outright manipulation of the rules for counsel's own ends caused the City to incur attorney's fees in that the City was required to file a Motion to Quash the subpoena rather than risk non-compliance after seeking a reasonable accommodation that comported with the Federal Rules.

This has been a continuing pattern throughout this litigation. The City has been required to seek the Court's intervention on multiple occasions, and not simply as a result of good faith disagreements as to the scope of discovery. The record, to date, is clear that each time the Court's assistance was required, it was as a result of plaintiffs' counsel's abject failure to abide by the Federal Rules and/or as a result of plaintiffs' counsel's dilatory conduct. *See e.g.* ECF Nos. 39, 42, 59, 63, 92, 96, and 138. First, plaintiffs simply refused to respond to written discovery in any manner. Second, plaintiffs refused to timely provide complete responses to written discovery after the Court had ordered that plaintiffs provide responses. Third, plaintiffs acted as if the Scheduling Order was optional and continued to request discovery after the discovery deadline ran and after plaintiffs failed to take a single deposition over the nineteen months that this matter had been pending. Finally, the City was required to go to the Court yet again for relief from a suspect subpoena that counsel for plaintiffs acknowledged was issued for the express purpose of circumventing Rule 34 because of supposed "exigent circumstances."

As the underlying factual background demonstrates, and as this Court, in its November 11, 2018 Order noted, "[c]ounsel for Plaintiffs have demonstrated an utter lack of due diligence in prosecuting this case, and their conduct during discovery belies any representation of acting with the diligence expected of counsel[.]" ECF No. 138. In having to resort to the Court for assistance yet again for the latest discovery issue only, the City incurred $3,244.50 in attorney's fees. This number pales in comparison to the fees and costs incurred as a result of the totality of plaintiffs' counsel's conduct. In addition, the City incurred $2,418.50 in preparing the above Motion and Memorandum in Support of its Motion for Sanctions.

Counsel's conduct was undertaken in bad faith, in contravention of the Rules, and is sanctionable under Rules 37 and 45 and the Court's inherent powers. Accordingly, the Court

should enter an order requiring Plaintiffs' counsel to pay the fees and costs associated with the City addressing the instant discovery dispute and filing this Motion for Sanctions and Memorandum in Support, totaling $ 5,663.00. *See* Nathanial A. Kuratomi Aff, attached as Exhibit O.

### III. CONCLUSION

For the reasons stated in its Memorandum, including that plaintiffs' have engaged in a consistent pattern of dilatory and unreasonable conduct, have caused unnecessary delay in the litigation of this matter, have attempted, in bad faith, to manipulate the Rules of Civil Procedure, and have abused the authority granted to attorneys, as officers of the court, to issue subpoenas, the City requests that the Court enter one or more of the following sanctions:

a. Attorney's fees and costs associated with preparing, drafting, and filing this Motion;

b. Attorney's fees and costs associated with communicating with Plaintiffs' counsel in regard to the Subpoena;

c. Attorney's fees and costs associated with objecting to the Subpoena;

d. Attorney's fees and costs associated with preparing, drafting, and filing, its Motion to Quash; and,

e. Any and all other relief that the Court deems just and appropriate.

**THE CITY OF HUNTINGTON**

**By Counsel**

/s Nathanial A. Kuratomi
Lee Murray Hall, Esq. (WVSB #6447)
Nathanial A. Kuratomi, Esq. (WVSB #10328)
**JENKINS FENSTERMAKER, PLLC**
Post Office Box 2688
Huntington, West Virginia 25726-2688
Phone: (304) 523-2100
Fax: (304) 523-2347

lmh@jenkinsfenstermaker.com
nak@jenkinsfenstermaker.com
*Counsel for the City of Huntington*