UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON

A.E. and E.W.,

    *Plaintiffs*,

vs.                                                                     CIVIL ACTION NO: 3:17-cv-01885
                                                                       JUDGE: Robert C. Chambers

JOSHUA NIELD;
CITY OF HUNTINGTON, WEST VIRGINIA; and
JOHN DOES 1-7, INDIVIDUALS,

    *Defendants*.

**PLAINTIFFS' RESPONSE TO DEFENDANT CITY OF
<u>HUNTINGTON'S MOTION FOR SANCTIONS</u>**

      NOW COME the Plaintiffs, A.E. and E.W., by counsel, Timothy L. Eves and Omar D. Ahmad of Eves Law Firm, and hereby offer their response to Defendant City of Huntington's Motion for Sanctions as follows:

      As a preliminary matter, the City's motion for sanctions and supporting memorandum were filed based on a false premise. On November 26, 2018, counsel for the respective parties participated in a phone conference sometime between 3-4 p.m. to discuss a potential resolution regarding Plaintiffs' November 16 subpoena. Counsel for the City requested additional time to respond to the subpoena. In its motion and supporting memorandum, the City failed to mention that in response to this request, Plaintiffs' counsel offered to compromise by extending the deadline to respond to 20 or even 25 days from the date of the subpoena. However, the City outright rejected the Plaintiffs' proposal without explanation, simply stating that 30 days were needed. Plaintiff's counsel specifically told the City's counsel "just tell us how many days [the City] needs to comply and we will agree to it". Counsel for the City responded that they hadn't spoken to any individual from the City about how much time was needed to comply with the subpoena.

Plaintiffs did not refuse the outright request to modify the subpoena to 30 days as counsel for the City did not make any further attempts to work out the issue prior to filing their motion.

To put the matter in more context, Plaintiffs legitimately believed that, given the circumstances, a subpoena request for the subject documents was an acceptable means of obtaining the items requested in a reasonably expedient time frame and issued the subpoena in good faith. Plaintiffs' counsel explained that in light of the limited time remaining to complete discovery, Plaintiffs needed the requested items soon to allow sufficient time to review the responsive documents and conduct additional discovery necessitated by the contents of those documents.

Plaintiff inquired further as to the need for 30 days because, given the brief time frame for additional discovery that might be necessitated by the City's response, a difference of ten (10) days was substantial. Plaintiffs did not, as the City contends, predictably reject "the City's attempt to resolve this issue without court intervention". Plaintiffs were simply trying to modify the time frame for compliance to accommodate the City, but tried to do so in a way that would not require a full 30 days. The City did not provide an explanation in this regard, but instead sent an email at 4:26 p.m. outlining the parties' phone conference, but failed to include the context of the conversation and Plaintiffs' willingness to work with the City. The City then filed their Motion to Quash at 9:14 p.m., less than five (5) hours after their email [ECF No. 137].

The City's motion and supporting memorandum failed to set forth certain facts and provide context regarding the litigation of this case. For example, the City fails to include important details in its accounting of the scheduling of Plaintiffs' depositions. As the Court is aware, in July 2018, Plaintiffs were in the process of working with the Cabell County Prosecutor's Office to obtain a copy of the files pertaining to the grand jury presentment against Defendant Nield. At that time, Plaintiff's counsel made it very clear that Plaintiffs' depositions could not go forward until the matter of the grand jury file was resolved, but offered various dates in August 2018 for the Plaintiffs depositions with the belief that the matter would be resolved by those dates [EXHIBIT A]. Defendant Nield did not select any of the dates offered by Plaintiffs and unilaterally noticed their depositions for August 30 and 31 [ECF Nos. 97 & 98].

Needless to say, the Plaintiffs' efforts to work with the Cabell County Prosecutor to obtain the grand jury file were in vain. On August 22, 2018, Plaintiffs' counsel contacted both defendants to inform them that Plaintiffs' depositions would not go forward. [EXHIBIT B]. Plaintiffs' counsel reminded counsel for Defendants of Plaintiffs' depositions would not go forward without a conclusion to the grand jury file matter and that Defendant Nield's counsel did not notice Plaintiffs' depositions on any of the dates offered by Plaintiffs' counsel. Plaintiffs' counsel is unsure why the reason Plaintiffs' depositions were postponed is a "confusing justification" for the City - the City's counsel was informed a month prior of the Plaintiffs' condition regarding the grand jury file, and the City was aware that the plaintiffs' depositions were not scheduled on any of the dates offered by Plaintiffs' counsel. Nevertheless, on September 11, 2018, Plaintiffs' counsel provided additional dates for the depositions of Plaintiffs, which were completed on October 16 and 18, 2018. The City's implication that Plaintiffs' counsel postponed Plaintiffs' depositions in a vindictive attempt to intentionally frustrate discovery is an unfair mischaracterization of the circumstances surrounding the postponement.

The City also insists that Plaintiffs "rejected" the February 20, 2019 alternative trial date offered by the Court despite the City's "clearly stated position" that it would not agree to a trial date beyond February 20. This is, again, a false depiction of Plaintiffs' response to the Court's proposed trial date. Plaintiffs' counsel has other case obligations during and around the week of February 20. One of Plaintiff's attorneys won't even be in the United States during that time period. More importantly, during initial discussions with the City regarding alternative trial dates, the City's counsel made it clear that it would not entertain a trial date beyond February 20 without providing any justification. The City attempts to paint Plaintiffs' counsel as unreasonable obstructionists simply because their February calendars are full, while the City basically refused to consider any date other than February 20.

In its supporting memorandum, the City appears to admonish Plaintiffs' counsel for initially indicating that March 12, 2018 "was not workable..." and then informing the Court during the November 14, 2018 hearing that they were "available during the week of March 12, 2018 for a trial in this matter..." As the City and this Court may recall, during the November 14, 2018 hearing, Plaintiffs' counsel informed all those present that Plaintiffs'

counsel had another trial scheduled in the Cabell County Circuit Court the week immediately following March 12. Plaintiffs' counsel does not traditionally schedule separate trials in back-to-back weeks, especially when one of the matters involves complex legal issues such as the case at hand. However, it was the opinion of the Court that Plaintiffs' counsel could either proceed with the March 12 trial date or proceed with the original trial date without the benefit of discovery. Although Plaintiffs' counsel respectfully disagreed with the Court and was reluctant to conduct two different trials in consecutive weeks, Plaintiffs' counsel accepted the March 12 trial date.

In addition to the numerous misrepresentations in its memorandum, the City also fails to accurately account for the fees and costs it seeks by its motion. In its supporting memorandum, the City states that it is only seeking sanctions for conduct that prompted its motion to quash Plaintiffs' subpoena. However, the City used a significant portion of its memorandum to narrate virtually the entire factual and procedural history of this case as a basis of a motion that bemoans the wasting of "valuable time and resources." The City claims it has incurred $2,418.50 to prepare its Motion and Memorandum in Support of its Motion for Sanctions, yet half of the City's memorandum consists of factual recitations that were simply pulled from the City's previously filed Motion for Protective Order and Motion to Quash or Modify Subpoena [ECF Nos. 124 & 137]. If the City incurred $2,418.50 in costs for mostly restating portions of previously filed pleadings, that is a byproduct of the City's inefficiency. It is not a necessary expense resulting from Plaintiffs' conduct in this case, and it certainly is not a valid basis for a motion seeking sanctions for wasting "valuable time and resources."

In any event, the City has not provided sufficient supporting evidence of the fees and costs it seeks to collect. In support of its Motion for Sanctions, the City includes an ***Affidavit of Nathanial A. Kuratomi***, which sets forth a list of the tasks the City alleges were undertaken in response to Plaintiffs' November 16, 2018 subpoena [EXHIBIT C]. However, this list does not include an itemized statement of how many hours were spent on each task, whether an attorney, paralegal or other member of the City's legal support staff completed each task, or what percentage or portion of the attorney fees and costs requested are attributable to each task.

The City also alleges that it incurred $3,244.50 in fees "for actions taken in responding to the November 16, 2018 Subpoena." The City moved to quash that subpoena, so Plaintiffs are not sure how the City incurred over $3,000.00 "responding" to a subpoena to which they did not offer a response. The Court and Plaintiffs need a more detailed breakdown of how the City calculated the fees and costs it seeks to recover and how those fees and costs were allocated to each task in the City's affidavit. The City cannot move the Court for fees and costs to offset the alleged wasting of "valuable time and resources" without fully accounting for its own time and resources in this endeavor.

The City makes multiple misrepresentations throughout its motion and supporting memorandum regarding Plaintiffs' counsels actions throughout this case. Plaintiffs will obviously defer to the Court's judgment regarding the matters set forth therein and in Plaintiffs' response, but the Court cannot reach a fully informed and reasoned decision if it is relying on the mischaracterizations and lack of context strewn throughout the City's motion and memorandum. If the City is confident that the conduct of Plaintiffs' counsel warrants the imposition of sanctions, it should not resort to muddying or conveniently omitting facts that paint a more clear picture of the circumstances of this case.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court DENY Defendant City of Huntington's Motion for Sanctions. In the alternative, Plaintiffs respectfully request that this Honorable Court enter an Order requiring Defendant City of Huntington to provide a more detailed breakdown of how the City calculated the fees and costs it seeks to recover to allow for a more accurate accounting of those fees and costs.

*Respectfully submitted,*
**A.E. & E.W.**
**BY COUNSEL**

 /s/ Omar D. Ahmad
Timothy L. Eves, Esq. [WVSB# 8541]
Omar D. Ahmad, Esq. [WVSB# 10804]
Eves Law Firm, PLLC
5348 US Route 60 East
Huntington, WV 25705
Tel. (304) 736-9999
Fax (304) 733-1818
**Counsel for Plaintiff**

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT HUNTINGTON**

A.E. and E.W.,

    *Plaintiffs*,

vs.                                                                CIVIL ACTION NO: 3:17-cv-01885
                                                                      JUDGE: Robert C. Chambers

JOSHUA NIELD;
CITY OF HUNTINGTON, WEST VIRGINIA; and
JOHN DOES 1-7, INDIVIDUALS,

    *Defendants*.

**CERTIFICATE OF SERVICE**

    I, Omar D. Ahmad, counsel for Plaintiffs, hereby certify that on January 4, 2019, I served a true copy of the foregoing ***"Plaintiffs' Response to Defendant City of Huntington's Motion for Sanctions"*** upon the following individual(s):

Steven K. Nord, Esq. [WVSB# 2748]
Ryan Q. Ashworth, Esq. [WVSB# 10451]
Offutt Nord Ashworth, PLLC
949 Third Avenue, Suite 300
P.O. Box 2868
Huntington, WV 25728-2868
*Counsel for Defendant Joshua Nield*

Lee Murray Hall, Esq. [WVSB# 6447]
Nathanial A. Kuratomi, Esq. [WVSB# 10328]
Jenkins Fenstermaker, PLLC
P.O. Box 2688
Huntington, WV 25726-2688
*Counsel for Defendant City of Huntington*

 /s/ Omar D. Ahmad