IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

A.E. and E.W.,

      **Plaintiffs,**

vs.                                                                   Civil Action No. 3:17-cv-01885

JOSHUA NIELD, CITY OF HUNTINGTON,
WEST VIRGINIA, and, JOHN DOES 1-7,
INDIVIDUALS,

      **Defendants.**

## ORDER

On January 4, 2019, Plaintiff filed their ***Motion to Compel Defendant City of Huntington to Produce Grand Jury Materials***. [ECF No. 172] On January 7, 2019, the undersigned held an informal telephone conference on the matter: participating on behalf of Plaintiffs were Timothy L. Eves, Esq. and Omar D. Ahmad, Esq. and on behalf of the City of Huntington, Nathanial A. Kuratomi, Esq. Counsel for Defendant Nield did not participate in the telephone conference.

Plaintiffs request an order from this Court directing the City of Huntington to produce those documents identified as Bates No. COH001260-001288 or alternatively, for an *in camera* review to determine the City of Huntington's asserted privilege for not producing these documents.[1] Plaintiffs assert that the documents are not privileged, but were prepared by Detective Backus in the normal course of an investigation of an officer of the Huntington Police Department, and not at the behest of Defendant Nield or his attorney. Plaintiffs further assert that even if the City of Huntington's claim of privilege was valid, it is not an absolute bar to discovery of this information,

---

[1] Just prior to the telephone conference, Defendant City of Huntington agreed to an *in camera* review of the requested documents. During the telephone conference, counsel for Defendant City of Huntington emailed the documents *ex parte* to the undersigned for *in camera* review.

pursuant to the exception provided under Rule 26(b)(3)(A).

Defendant City of Huntington asserts that the documents are "potentially'[2] protected by a privilege, as they contain the mental impressions of "counsel"[3], therefore attorney work product, as they are related to potential grand jury testimony with respect to the criminal investigation of Defendant Nield.

As an initial matter, the undersigned scheduled the informal conference very quickly after Plaintiffs filed their ***Motion*** and that Defendant City of Huntington has not yet filed a formal response to the ***Motion***, however, as the discovery deadline is January 15, 2019, and this discovery issue only recently arose during the holidays and on the eve of a discovery deposition which had to be rescheduled to January 9, 2019, the undersigned was compelled to address Plaintiffs ***Motion*** as soon as possible.

Having reviewed the documents *in camera*, the undersigned notes that none of them were prepared by counsel but were wholly prepared by the investigating officer into the alleged criminal conduct of Defendant Nield, the subject of this civil action. Indeed, despite not having filed a formal response to Plaintiffs' ***Motion***, Defendant City of Huntington relies only upon the attorney work product privilege with respect to these documents, however, cites no additional legal authority in support of the asserted privilege. The undersigned further notes that the investigative

---

[2] During the informal conference, Counsel for the City of Huntington indicated that the privilege log produced in this matter (see ECF No. 173-3) contained "potential" privileges. It should be noted that the privilege log does not cite any legal authority (case law, statutory, or otherwise) for the Court to evaluate any basis of privilege that would preclude disclosure of the documents in question.

[3] During the informal conference, it was clear to the undersigned that the "counsel" referenced was the Prosecuting Attorney of Cabell County. It is the undersigned's opinion that the Prosecuting Attorney of Cabell County is not "counsel" for an investigating officer in a criminal investigation. The role of the Prosecuting Attorney of Cabell County and the role of an investigating officer do not fall under the definition of an attorney-client relationship. Each party has a distinct, yet independent role to undertake in criminal investigations and prosecutions. Important among those independent roles is the fact that prosecutors must disclose incriminating and exculpating information to parties in a prosecution even if that information was disclosed to the prosecutor by an investigating officer in a "confidential" setting.

officer that prepared the documents was not represented by counsel, and that the Cabell County Prosecuting Attorney did not and does not represent the investigating officer in the criminal matter or in this civil action.

Accordingly, the undersigned **FINDS** the documents, Bates numbered COH001260-001288[4], are relevant and proportional to the needs of this case and that Plaintiffs have demonstrated a substantial need for these materials – this need is underscored by the Plaintiffs' continued pursuit of the grand jury transcript in connection with this case which for reasons unknown, has been allegedly rebuffed by the Cabell County Prosecuting Attorney.[5] In short, the materials requested are the product of the Huntington Police Department's investigation of Defendant Nield that is the basis of Plaintiffs' Complaint, and the Plaintiffs have demonstrated undue hardship despite their best efforts to obtain these documents or their equivalent. Furthermore, the Court **FINDS** that the City of Huntington has failed to cite any legal authority that would preclude the disclosure of the documents pursuant to a privilege.[6]

The Plaintiffs' ***Motion*** [ECF No. 172] to compel the production of the documents Bates

---

[4] The Court will disclose these documents to all Counsel by making the same as an Exhibit to this Order that will be available to all Counsel and the public via the Court's CM/ECF system.

[5] During the informal conference, it was brought to the undersigned's attention that a hearing will be held in the Circuit Court of Cabell County regarding the release of the transcript of the Grand Jury proceedings related to this matter. This Court is of the opinion that the Grand Jury Minutes are relevant and proportional to the needs of discovery and should be made available to the parties herein. However, as this matter now stands, that issue is solely before the Circuit Court of Cabell County. To the extent that this Order has some relevance to the Circuit Court's decision on whether to release the relevant Grand Jury Minutes, the undersigned hereby **DIRECTS** the Clerk of this Court forward a copy of this Order to the **Honorable Paul Farrell, Judge of the Circuit Court of Cabell County, 750 Fifth Avenue, Huntington, WV 25701.**

[6] Counsel for the City of Huntington was given the opportunity to promptly file a written pleading before the undersigned would issue a decision on this issue or, in the alternative, to verbally disclose the legal authority to any asserted privilege during the informal, telephonic conference. As stated above, Counsel stated that the privileges asserted were "potential" privileges and further agreed that no further pleading would be filed. Procedurally, the parties to the conference call agreed to the following: If the undersigned ordered that the documents, in whole or in part, be disclosed, then the Court would immediately disclose the same to the parties since time is of the essence. Should the City of Huntington wish to object to the undersigned's ruling, Counsel agreed that the remedy, should the District Judge overturn the undersigned's ruling, would be to seek an Order from the District Judge barring the use of the documents at the trial of this action. If the documents, in whole or in part, were not ordered to be disclosed, then the non-disclosed documents would be filed under seal without disclosure to other Counsel.

Nos. COH001260-001288 is therefore **GRANTED**.[7]

The Clerk is further requested to send a copy of this Order to counsel of record.

**ENTER: January 8, 2019**.

_____
Omar J. Aboulhosn
United States Magistrate Judge

---

[7] Filed contemporaneously with this Order as a PDF attachment, the disclosed documents have been modified with the appropriate redactions to protect the privacy interests of the Plaintiffs/victims.